IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| PLANNED PARENTHOOD OF TENNESSEE AND NORTH MISSISSIPPI, on behalf of itself, its physicians and staff, and its patients; MEMPHIS CENTER FOR REPRODUCTIVE HEALTH, on behalf of itself, its physicians and staff, and its patients; KNOXVILLE CENTER FOR REPRODUCTIVE HEALTH, on behalf of itself, its physicians and staff, and its patients; FEMHEALTH USA, INC., d/b/a CARAFEM, on behalf of itself, its physicians and staff, and its patients; and AUDREY LANCE, M.D., M.S., on behalf of herself and her patients, | CIVIL ACTION<br>CASE NO. 3:20-cv-00740<br>JUDGE CAMPBELL |

Plaintiffs,

v.

HERBERT H. SLATERY III, Attorney General of Tennessee, in his official capacity; LISA PIERCEY, M.D., Commissioner of the Tennessee Department of Health, in her official capacity; RENE SAUNDERS, M.D., Chair of the Board for Licensing Health Care Facilities, in her official capacity; W. REEVES JOHNSON, JR., M.D., President of the Tennessee Board of Medical Examiners, in his official capacity; AMY P. WEIRICH, District Attorney General of Shelby County, Tennessee, in her official capacity; GLENN FUNK, District Attorney General of Davidson County, Tennessee, in his official capacity; CHARME P. ALLEN, District Attorney General of Knox County, Tennessee, in her official capacity; and TOM P. THOMPSON, JR., District Attorney General for Wilson County, Tennessee, in his official capacity,

Defendants.

---

**DECLARATION OF LISA PIERCEY, M.D., COMMISSIONER OF THE TENNESSEE DEPARTMENT OF HEALTH**

---

I, Lisa Piercey, M.D., pursuant to the provisions of 28 U.S.C. § 1746, do hereby declare as follows:

1. I, Lisa Piercey, M.D., am the Commissioner of the Tennessee Department of Health ("the Department"). Under my direction and supervision, the Department has the power, among other things, to "[h]ave general supervision of the interest relating to the health and lives of the people of the state" and to "[p]romote the information of the general public in all matters pertaining to public health." *See* Tenn. Code Ann. §§ 4-3-1802, -1803(1), (6); 68-1-104.

2. This declaration addresses whether the Department may impose civil penalties on an abortion provider who expresses disagreement with or disassociates him or herself from the disclosures required by Tenn. Code Ann. § 39-15-218 (the informed consent provision).

3. The informed-consent provision directs the Department to "develop and maintain a stable internet website" that will provide materials "designed to inform the woman of the possibility of reversing the effects of a chemical abortion utilizing mifepristone if the woman changes her mind and information on and assistance with the resources that may be available to help reverse the effects of a chemical abortion." *Id.* § 39-15-218(h)–(i).

4. The informed consent provision also requires "a private office, ambulatory surgical treatment center, facility, or clinic" that has performed more than 50 elective abortions during the previous calendar year to "conspicuously post a sign" that contains the following message:

> Recent developing research has indicated that mifepristone alone is not always effective in ending a pregnancy. It may be possible to avoid, cease, or even reverse the intended effects of a chemical abortion utilizing mifepristone if the second pill has not been taken. Please consult with a healthcare professional immediately.

*Id.* § 39-15-218(b) (the signage disclosure requirement). The Department "shall assess [an abortion provider] that negligently fails to post a sign required by subsection (b) a civil penalty of

2

ten thousand dollars ($10,000)." *Id.* § 39-15-218(k). Except in cases of a medical emergency, "[e]ach day on which an abortion . . . is performed [in a facility that fails to comply with the signage disclosure requirement] is a separate violation." *Id.*

5. Additionally, the informed consent provision requires a physician to make the following oral disclosure at least 48 hours in advance of initiating a medication abortion:

> (1) It may be possible to reverse the intended effects of a chemical abortion utilizing mifepristone if the woman changes her mind, but that time is of the essence; and
>
> (2) Information on and assistance with reversing the effects of a chemical abortion utilizing mifepristone is available on the department of health website.

*Id.* § 39-15-218(e) (the oral disclosure requirement). This requirement is subject to a medical emergency exception. *Id.* "No penalty or civil liability may be assessed for failure to comply with subdivision (e)(2) unless the department of health has made the information available on the website at the time the physician is required to inform the woman." *Id.* § 39-15-218(j).

6. Once a physician has initiated a medication abortion by administering mifepristone, the physician or an agent of the physician must provide the patient with "written medical discharge instructions" that include the following statement:

> Recent developing research has indicated that mifepristone alone is not always effective in ending a pregnancy. It may be possible to avoid, cease, or even reverse the intended effects of a chemical abortion utilizing mifepristone if the second pill has not been taken. Please consult with a healthcare professional immediately.

*Id.* § 39-15-218(f) (the written disclosure requirement).

7. It is my understanding that the informed consent provision does not give the department authority to impose civil penalties on an abortion provider who provides the required disclosures but who expresses disagreement, orally and/or in writing, with the information communicated by the signage disclosure requirement, the oral disclosure requirement, or the written disclosure requirement. It is also my understanding that the informed consent provision

3

does not give the department additional authority to impose civil penalties on an abortion provider who provides the required disclosures but disassociates him or herself from the required disclosures by informing a patient that the State has required the applicable disclosure so long as the dissociation or disagreement comply with all other ethical and professional standards and does not violate any other applicable laws or regulations.

I declare under penalty of perjury that the foregoing is true and correct. Executed by me this 21 day of September, 2020, at Nashville, TN.

*[signature]*
Lisa Piercey, MD, MBA, FAAP
Commissioner
Tennessee Department of Health