| | |
|---|---|
| PLANNED PARENTHOOD OF TENNESSEE AND NORTH MISSISSIPPI, on behalf of itself, its physicians and staff, and its patients; MEMPHIS CENTER FOR REPRODUCTIVE HEALTH, on behalf of itself, its physicians and staff, and its patients; KNOXVILLE CENTER FOR REPRODUCTIVE HEALTH, on behalf of itself, its physicians and staff, and its patients; FEMHEALTH USA, INC., d/b/a CARAFEM, on behalf of itself, its physicians and staff, and its patients; and AUDREY LANCE, M.D., M.S., on behalf of herself and her patients, | CIVIL ACTION<br>CASE NO. 3:20-cv-00740<br>JUDGE CAMPBELL |

Plaintiffs,

v.

HERBERT H. SLATERY III, Attorney General of Tennessee, in his official capacity; LISA PIERCEY, M.D., Commissioner of the Tennessee Department of Health, in her official capacity; RENE SAUNDERS, M.D., Chair of the Board for Licensing Health Care Facilities, in her official capacity; W. REEVES JOHNSON, JR., M.D., President of the Tennessee Board of Medical Examiners, in his official capacity; AMY P. WEIRICH, District Attorney General of Shelby County, Tennessee, in her official capacity; GLENN FUNK, District Attorney General of Davidson County, Tennessee, in his official capacity; CHARME P. ALLEN, District Attorney General of Knox County, Tennessee, in her official capacity; and TOM P. THOMPSON, JR., District Attorney General for Wilson County, Tennessee, in his official capacity,

Defendants.

# DECLARATION OF W. REEVES JOHNSON, JR., M.D., PRESIDENT OF THE TENNESSEE BOARD OF MEDICAL EXAMINERS

I, W. Reeves Johnson, Jr., M.D., pursuant to the provisions of 28 U.S.C. § 1746, do hereby declare as follows:

1. I, W. Reeves Johnson Jr., M.D., am the President of the Tennessee Board of Medical Examiners ("the Board"). It is the Board's duty "to examine the qualifications of all applicants for certification of fitness to practice medicine or surgery in this state, to conduct disciplinary hearings, and to make such rules and regulations as are necessary to carry out and make effective [the Board's statutory duties]." Tenn. Code Ann. § 63-6-101(a)(3).

2. This declaration addresses whether the Board may take disciplinary action against a physician who expresses disagreement with or disassociates him or herself from the disclosures required by Tenn. Code Ann. § 39-15-218 (the informed consent provision).

3. The Board has the authority to

(1) Deny an application for a license to any applicant who applies for the same through reciprocity or otherwise;

(2) Permanently or temporarily withhold issuance of a license;

(3) Suspend, or limit or restrict a previously issued license for such time and in such manner as the board may determine;

(4) Reprimand or take such action in relation to disciplining an applicant or licensee, including, but not limited to, informal settlements, private censures and warnings, as the board in its discretion may deem proper; or

(5) Permanently revoke a license.

*Id.* § 63-6-214(a).

4. The Board "shall exercise such power" when there has been a "[v]iolation of the laws governing abortion." *Id.* § 63-6-214(b)(6).

5. The informed consent provision requires "a private office, ambulatory surgical treatment center, facility, or clinic" that has performed more than 50 elective abortions during the previous calendar year to "conspicuously post a sign" that contains the following message:

> Recent developing research has indicated that mifepristone alone is not always effective in ending a pregnancy. It may be possible to avoid, cease, or even reverse the intended effects of a chemical abortion utilizing mifepristone if the second pill has not been taken. Please consult with a healthcare professional immediately.

*Id.* § 39-15-218(b) (the signage requirement).

6. The informed consent provision also requires a physician to make the following oral disclosure at least 48 hours in advance of initiating a medication abortion:

> (1) It may be possible to reverse the intended effects of a chemical abortion utilizing mifepristone if the woman changes her mind, but that time is of the essence; and
>
> (2) Information on and assistance with reversing the effects of a chemical abortion utilizing mifepristone is available on the department of health website.

*Id.* § 39-15-218(e) (the oral disclosure requirement). This requirement is subject to a medical emergency exception. *Id.*

7. Once a physician has initiated a medication abortion by administering mifepristone, the physician or an agent of the physician must provide the patient with "written medical discharge instructions" that include the following statement:

> Recent developing research has indicated that mifepristone alone is not always effective in ending a pregnancy. It may be possible to avoid, cease, or even reverse the intended effects of a chemical abortion utilizing mifepristone if the second pill has not been taken. Please consult with a healthcare professional immediately.

*Id.* § 39-15-218(f) (the written disclosure requirement).

8. The Board can discipline a physician when there has been a violation of the laws governing abortion; therefore, not providing the disclosure in Tenn. Code Ann. § 39-15-218 could prompt discipline. However, I do not interpret a physician who provides the required disclosures

3

but also expresses disagreement with them or disassociates him or herself from them as violating Tenn. Code Ann. § 39-15-218. *See* Tenn. Code Ann. § 63-6-214(b)(6).

9. The Board can also take disciplinary action against a physician for: "[u]nprofessional, dishonorable or unethical conduct," "[m]aking false statements or representations," and "being guilty of fraud or deceit in the practice of medicine." Tenn. Code Ann. § 63-6-214(b)(1), (3). Therefore, a physician who expresses disagreement with the required disclosures must do so in a manner that does not violate any other legal and ethical obligations.

I declare under penalty of perjury that the foregoing is true and correct. Executed by me this 21st day of September, 2020, at Knoxville, TN .

_____
W. Reeves Johnson, Jr., M.D.
President
Tennessee Board of Medical Examiners

4