PLANNED PARENTHOOD OF TENNESSEE AND NORTH MISSISSIPPI, on behalf of itself, its physicians and staff, and its patients; MEMPHIS CENTER FOR REPRODUCTIVE HEALTH, on behalf of itself, its physicians and staff, and its patients; KNOXVILLE CENTER FOR REPRODUCTIVE HEALTH, on behalf of itself, its physicians and staff, and its patients; FEMHEALTH USA, INC., d/b/a CARAFEM, on behalf of itself, its physicians and staff, and its patients; and AUDREY LANCE, M.D., M.S., on behalf of herself and her patients,

Plaintiffs,

v.

HERBERT H. SLATERY III, Attorney General of Tennessee, in his official capacity; LISA PIERCEY, M.D., Commissioner of the Tennessee Department of Health, in her official capacity; RENE SAUNDERS, M.D., Chair of the Board for Licensing Health Care Facilities, in her official capacity; W. REEVES JOHNSON, JR.,M.D., President of the Tennessee Board of Medical Examiners, in his official capacity; AMY P. WEIRICH, District Attorney General of Shelby County, Tennessee, in her official capacity; GLENN FUNK, District Attorney General of Davidson County, Tennessee, in his official capacity; CHARME P. ALLEN, District Attorney General of Knox County, Tennessee, in her official capacity; and TOM P. THOMPSON, JR., District Attorney General for Wilson County, Tennessee, in his official capacity,

Defendants.

CIVIL ACTION
CASE NO. 3:20-cv-00740
JUDGE CAMPBELL

## DECLARATION OF RENE SAUNDERS, M.D., CHAIR OF THE BOARD FOR LICENSING HEALTH CARE FACILITIES

I, Rene Saunders, M.D., pursuant to the provisions of 28 U.S.C. § 1746, do hereby declare as follows:

1. I, Rene Saunders, am the Chair of the Board for Licensing Health Care Facilities ("the Board"). The Board is responsible for the licensing and regulation of healthcare facilities, including ambulatory surgical treatment centers (ASTCs). *See* Tenn. Code Ann. § 68-11-202(a)(1)-(2).

2. This declaration addresses whether the Board may take disciplinary action against an ASTC that expresses disagreement with or disassociates itself from the disclosures required by Tenn. Code Ann. § 39-15-218 (the informed consent provision).

3. The Board has the authority to "suspend or revoke" an ASTC's license for:

> (1) A violation of [Tenn. Code Ann. § 68-11-201 et seq.] or of the rules and regulations or minimum standards issued pursuant to [Tenn. Code Ann. § 68-11-201 et seq.] . . . .
>
> (2) Permitting, aiding or abetting the commission of any illegal act in such institutions; or
>
> (3) Conduct or practice found by the board to be detrimental to the welfare of the patients in such institutions.

*Id.* § 68-11-207(a); *see also* Tenn. Comp. R. & Regs. 1200-08-01-.03.

4. The Board also has the authority to place an ASTC on probation. Tenn. Code Ann. § 68-11-207(f)(1).

5. The informed consent provision requires an ASTC that has performed more than 50 elective abortions during the previous calendar year to "conspicuously post a sign" that contains the following message:

> Recent developing research has indicated that mifepristone alone is not always effective in ending a pregnancy. It may be possible to avoid, cease, or even reverse

2

the intended effects of a chemical abortion utilizing mifepristone if the second pill has not been taken. Please consult with a healthcare professional immediately.

*Id.* § 39-15-218(b) (the signage requirement).

6. The informed consent provision also requires a physician to make the following oral disclosure at least 48 hours in advance of initiating a medication assisted abortion:

> (1) It may be possible to reverse the intended effects of a chemical abortion utilizing mifepristone if the woman changes her mind, but that time is of the essence; and
>
> (2) Information on and assistance with reversing the effects of a chemical abortion utilizing mifepristone is available on the department of health website.

*Id.* § 39-15-218(e) (the oral disclosure requirement). This requirement is subject to a medical emergency exception. *Id.*

7. Once a physician has initiated a medication assisted abortion by administering mifepristone, the physician or an agent of the physician must provide the patient with "written medical discharge instructions" that include the following statement:

> Recent developing research has indicated that mifepristone alone is not always effective in ending a pregnancy. It may be possible to avoid, cease, or even reverse the intended effects of a chemical abortion utilizing mifepristone if the second pill has not been taken. Please consult with a healthcare professional immediately.

*Id.* § 39-15-218(f) (the written disclosure requirement).

8. "Any person who knowingly or recklessly performs or induces or attempts to perform or induce an abortion in violation of this section commits a Class E felony." *Id.* § 39-15-218(j).

9. It is my understanding that the informed consent provision does not impose criminal liability on an abortion provider who provides the required disclosures but expresses disagreement, orally and/or in writing, with the information communicated by the signage disclosure requirement, the oral disclosure requirement, or the written disclosure requirement. Nor

3

does the informed consent provision, by its plain language, impose criminal liability if an abortion provider provides the required disclosures but disassociates him or herself from the disclosure requirements by informing a patient that the State has required the applicable disclosure.

10. Consequently, an ASTC that provides the required disclosures but expresses disagreement with or disassociates itself from them, or allows others to do the same, is not "[p]ermitting, aiding or abetting the commission of any illegal act in [the ASTC]." *See* Tenn. Code Ann. § 68-11-207(a)(2); *see also* Tenn. Comp. R. & Regs. 1200-08-01-.03(1)(a), (c).

11. Additionally, an ASTC that provides the required disclosures but expresses disagreement with or disassociates itself from them, or allows others to do the same, is not engaging in "[c]onduct or practice found by the board to be detrimental to the welfare of the patients in such institutions," provided that any disagreement or disassociation expressed by the ASTC or one of its medical practitioners does not violate any other applicable laws or regulations. *See* Tenn. Code Ann. § 68-11-207(a)(3); *see also* Tenn. Comp. R. & Regs. 1200-08-01-.03(1)(d).

I declare under penalty of perjury that the foregoing is true and correct. Executed by me this 21st day of September, 2020, at Nashville, TN.

Rene Saunders, M.D.
Chair
Board for Licensing Health Care Facilities