IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

PLANNED PARENTHOOD OF TENNESSEE AND NORTH MISSISSIPPI, on behalf of itself, its physicians and staff, and its patients; MEMPHIS CENTER FOR REPRODUCTIVE HEALTH, on behalf of itself, its physicians and staff, and its patients; KNOXVILLE CENTER FOR REPRODUCTIVE HEALTH, on behalf of itself, its physicians and staff, and its patients; FEMHEALTH USA, INC., d/b/a CARAFEM, on behalf of itself, its physicians and staff, and its patients; and AUDREY LANCE, M.D., M.S., on behalf of herself and her patients,

Plaintiffs,

v.

HERBERT H. SLATERY III, Attorney General of Tennessee, in his official capacity; LISA PIERCEY, M.D., Commissioner of the Tennessee Department of Health, in her official capacity; RENE SAUNDERS, M.D., Chair of the Board for Licensing Health Care Facilities, in her official capacity; W. REEVES JOHNSON, JR., M.D., President of the Tennessee Board of Medical Examiners, in his official capacity; AMY P. WEIRICH, District Attorney General of Shelby County, Tennessee, in her official capacity; GLENN FUNK, District Attorney General of Davidson County, Tennessee, in his official capacity; CHARME P. ALLEN, District Attorney General of Knox County, Tennessee, in her official capacity; and TOM P. THOMPSON, JR., District Attorney General for Wilson County, Tennessee, in his official capacity,

Defendants.

CIVIL ACTION
CASE NO. 3:20-cv-00740
JUDGE CAMPBELL

## DECLARATION OF AMY P. WEIRICH, DISTRICT ATTORNEY GENERAL FOR THE 30th JUDICIAL DISTRICT

I, Amy Weirich, pursuant to the provisions of 28 U.S.C. § 1746, do hereby declare as follows:

1. I, Amy Weirich, am the District Attorney General for the 30th Judicial District, consisting of Shelby County. I am responsible for prosecuting all violations of state criminal statutes occurring in this judicial district. *See* Tenn. Code Ann. § 8-7-103.

2. This declaration addresses the scope of criminal liability imposed by Tenn. Code Ann. § 39-15-218 (the informed consent provision).

3. The informed consent provision requires "a private office, ambulatory surgical treatment center, facility, or clinic" that has performed more than 50 elective abortions during the previous calendar year to "conspicuously post a sign" that contains the following message:

> Recent developing research has indicated that mifepristone alone is not always effective in ending a pregnancy. It may be possible to avoid, cease, or even reverse the intended effects of a chemical abortion utilizing mifepristone if the second pill has not been taken. Please consult with a healthcare professional immediately.

*Id.* § 39-15-218(b) (the signage requirement).

4. The informed consent provision also requires a physician to make the following oral disclosure at least 48 hours in advance of initiating a medication abortion:

> (1) It may be possible to reverse the intended effects of a chemical abortion utilizing mifepristone if the woman changes her mind, but that time is of the essence; and
>
> (2) Information on and assistance with reversing the effects of a chemical abortion utilizing mifepristone is available on the department of health website.

*Id.* § 39-15-218(e) (the oral disclosure requirement). This requirement is subject to a medical emergency exception. *Id.*

5. Once a physician has initiated a medication abortion by administering mifepristone, the physician or an agent of the physician must provide the patient with "written medical discharge instructions" that include the following statement:

2

> Recent developing research has indicated that mifepristone alone is not always effective in ending a pregnancy. It may be possible to avoid, cease, or even reverse the intended effects of a chemical abortion utilizing mifepristone if the second pill has not been taken. Please consult with a healthcare professional immediately.

*Id.* § 39-15-218(f) (the written disclosure requirement).

6. "Any person who knowingly or recklessly performs or induces or attempts to perform or induce an abortion in violation of this section commits a Class E felony." *Id.* § 39-15-218(j).

7. The informed consent provision is silent regarding criminal liability for an abortion provider who provides the required disclosures but expresses disagreement, orally and/or in writing, with the information communicated by the signage disclosure requirement, the oral disclosure requirement, or the written disclosure requirement. The informed consent provision is also silent regarding criminal liability for an abortion provider who provides the required disclosures but disassociates him or herself from the disclosure requirements by informing a patient that the State has required the applicable disclosure.

8. Tenn. Code Ann. § 39-15-218 only criminalizes performing or inducing an abortion without making the required disclosures.

I declare under penalty of perjury that the foregoing is true and correct. Executed by me this 22nd day of September, 2020, at 2:20p.

*[signature]*
Amy P. Weirich
District Attorney General
30th Judicial District