# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

PLANNED PARENTHOOD OF TENNESSEE AND NORTH MISSISSIPPI, on behalf of itself, its physicians and staff, and its patients; MEMPHIS CENTER FOR REPRODUCTIVE HEALTH, on behalf of itself, its physicians and staff, and its patients; KNOXVILLE CENTER FOR REPRODUCTIVE HEALTH, on behalf of itself, its physicians and staff, and its patients; FEMHEALTH USA, INC., d/b/a CAREFEM, on behalf of itself, its physicians and staff, and its patients; and AUDREY LANCE, M.D., M.S., on behalf of herself and her patients,

Plaintiffs,

v.

HERBERT H. SLATERY III, Attorney General of Tennessee, in his official capacity; LISA PIERCEY, M.D., Commissioner of the Tennessee Department of Health, in her official capacity; RENE SAUNDERS, M.D., Chair of the Board for Licensing Health Care Facilities, in her official capacity; W. REEVES JOHNSON, JR., M.D., President of the Tennessee Board of Medical Examiners, in his official capacity; AMY P. WEIRICH, District Attorney General of Shelby County, Tennessee, in her official capacity; GLENN FUNK, District Attorney General of Davidson County, Tennessee, in his official capacity; CHARME P. ALLEN, District Attorney General of Knox County, Tennessee, in her official capacity; and TOM P. THOMPSON, JR., District Attorney General for Wilson County, Tennessee, in his official capacity,

Defendants.

CIVIL ACTION
CASE NO. 3:20-cv-00740
JUDGE CAMPBELL

**ANSWER**

Defendants Herbert H. Slatery III, Lisa Piercey, M.D., Rene Saunders, M.D., W. Reeves Johnson, Jr., M.D., Amy P. Weirich, Glenn Funk, Charme P. Allen, and Tom P. Thompson, Jr., in their official capacities only, ("Defendants") hereby answer the complaint as follows:

## I. PRELIMINARY STATEMENT

1. Defendants admit that Section 39-15-218 of H.B. 2263/S.B. 2196 ("the Act") was scheduled to take effect on October 1, 2020, though due to the waiting period, certain disclosures would have needed to be given earlier. However, the Act is presently enjoined by a temporary restraining order All other allegations are denied.

2. Defendants submit that the language of Section 39-15-218 speaks for itself. All other allegations are denied.

3. Defendants deny the allegations in Paragraph 3.

4. Defendants admit that Plaintiffs assert these allegations as their purported reasons for bringing the lawsuit. Defendants deny the remaining allegations in this paragraph.

## II. JURISDICTION AND VENUE

5. Admitted, to the extent Plaintiffs have standing to bring this case.

6. Admitted, to the extent Plaintiffs have standing to bring this case.

7. Admitted, to the extent Plaintiffs have standing to bring this case.

## III. PARTIES

### A. PLAINTIFFS

8. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

9. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

2

10. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

11. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

12. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

13. Defendants submit that the language of the Act § 39-15-218 speaks for itself as to potential penalties. All other allegations are denied.

**B.    DEFENDANTS**

14. The cited statutes and case speak for themselves. The remaining allegations in this paragraph are admitted. However, Defendants submit that Attorney General Slatery is not a proper party.

15. The cited statute speaks for itself. Defendants deny Plaintiffs' characterization of what the Department has to put on the website – Defendants deny that the Act requires "resources available to assist with medication abortion 'reversal'", and Defendants submit the Act requires materials "designed to inform the woman of the possibility of reversing the effects of a chemical abortion …." The remaining allegations in this paragraph are admitted.

16. The cited statute and rule speak for themselves. The remaining allegations in this paragraph are admitted.

17. The cited statutes speak for themselves. The remaining allegations in this paragraph are admitted.

18. Defendants admit that Amy Weirich is the District Attorney General for the 30th Judicial District, which encompasses Shelby County, and submit that the cited statutes speak for

3

themselves. The remaining allegations in this paragraph are admitted.

19. Defendants admit that Glenn R. Funk is the District Attorney General for the 20th Judicial District, which encompasses Davidson County and Metropolitan Nashville, and submit that the cited statutes speak for themselves. The remaining allegations in this paragraph are admitted.

20. Defendants admit that Charme P. Allen is the District Attorney General for the 6th Judicial District, which encompasses Knox County, and submit that the cited statutes speak for themselves. The remaining allegations in this paragraph are admitted.

21. Defendants admit that Tom P. Thompson, Jr., is the District Attorney General for the 15th Judicial District, which encompasses Wilson County, and submit that the cited statutes speak for themselves. The remaining allegations in this paragraph are admitted.

## IV. FACTUAL ALLEGATIONS

### A. Abortion in Tennessee

22. Defendants are without sufficient information to admit or deny the allegations in this paragraph.

23. Defendants are without sufficient information to admit or deny the allegations in this paragraph.

24. Admitted that "[t]here are generally two methods of providing abortion[s]."

25. Defendants are without sufficient information to admit or deny the other allegations in this paragraph.

26. Defendants admit the first sentence of this paragraph. Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph.

27. Defendants admit that mifepristone attempts to temporarily block the hormone progesterone, which is necessary to maintain pregnancy. Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph.

28. Defendants are without sufficient information to admit or deny the allegations in this paragraph.

29. Defendants are without sufficient information to admit or deny the allegations in this paragraph.

30. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

31. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

32. Defendants admit that both procedural and medication abortion will fail to terminate a pregnancy in some cases but sufficient information to admit or deny whether that is a "smaller" percentage. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.

33. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

34. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

35. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

36. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

### B. Tennessee's Preexisting Laws Governing Informed Consent Requirements and Pre-Abortion Counseling and Plaintiffs' Practices

37. Admitted, but Defendants submit that the statutes speak for themselves.

#### i. Informed Consent Requirements

38. Defendants submit that the cited statutes speak for themselves. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.

#### ii. Pre-Abortion Counseling Requirements

39. Defendants submit that the cited statutes speak for themselves and deny Plaintiffs' characterizations of them. Defendants admit that Tenn. Code Ann. § 39-15-202(b)(5) is being challenged in *Adams & Boyle, P.C. v. Slatery*, No. 3:15-cv-00705 (M.D. Tenn.). Defendants deny the remaining allegations of this paragraph.

40. Defendants submit that the cited statute speaks for itself.

#### iii. Plaintiffs' Informed Consent and Pre-Abortion Counseling Practices

41. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

42. Defendants submit that Tennessee law speaks for itself. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

43. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

44. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

45. Defendants admit the first sentence of this paragraph and lack sufficient information to admit or deny the remaining allegations in this paragraph.

46. To the extent that Plaintiffs are allegedly referencing the information to be disclosed as set forth in the Act, Defendants deny any allegations in this paragraph that the Act requires disclosure of misleading or inaccurate information or that the Act undermines a patient's ability to make an informed decision. The cited statute speaks for itself.

### C. The Challenged Medication Abortion Reversal Mandate

47. Denied.

48. The cited statutes speak for themselves.

49. The cited statute speaks for itself.

50. The cited statute speaks for itself.

51. The cited statute speaks for itself.

52. The cited statutes speak for themselves.

53. The cited statute speaks for itself.

54. The cited statute speaks for itself.

### D. Facts About So-Called "Medication Abortion Reversal"

55. Denied.

56. Defendants admit that once an abortion has "successfully" occurred, and a patient is no longer pregnant, the abortion cannot be reversed. Defendants deny the allegations to the extent they involve a medication abortion two drug protocol that has not been completed by the taking of the second medication (misoprostol).

57. Defendants admit that there are multiple physicians in the United States (including Drs. Delgado and Davenport), who prescribe progesterone, by various methods and in various amounts, to women who have taken mifepristone but have not taken misoprostol. Defendants deny this is an "experimental practice." Defendants also submit that not taking misoprostol may

cease, avoid, or reverse the intended effect of taking mifepristone to cause an abortion. Defendants are without sufficient information to admit or deny the remaining allegations of this paragraph.

58. Defendants admit the first sentence of this paragraph and that "progesterone is generally considered a low-risk medication." Defendants deny that progesterone carries significant safety risks, but are without sufficient information to admit or deny the remaining allegations in this paragraph.

59. Denied.

60. Defendants admit that ACOG issued the Practice Bulletin referenced in note 11 and that the AMA was involved in the lawsuit referenced in note 12. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph but deny Plaintiffs' characterizations.

61. Defendants admit that "mifepristone alone will not always cause an abortion." Defendants lack sufficient information to admit or deny the remaining allegation of the first sentence of this paragraph. Defendants deny the remaining allegations in this paragraph.

62. Defendants lack sufficient information to admit or deny the allegations in this paragraph about Plaintiffs' practices. All remaining allegations in this paragraph are denied.

## V. THE IMPACT OF THE ACT ON PLAINTIFFS AND THEIR PATIENTS

63. Denied.

64. Defendants lack sufficient information to admit or deny the allegations in this paragraph about Plaintiffs' practices or beliefs.

65. Defendants lack sufficient information to admit or deny the allegations in this paragraph about Plaintiffs' practices or beliefs. All remaining allegations are denied.

8

66. Tennessee's law regarding posting signage speaks for itself. Defendants deny the remaining allegations in this paragraph.

67. Defendants admit that the Act speaks for itself. All remaining allegations in this paragraph are denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Defendants deny the allegations in the first sentence of this paragraph characterizing the required disclosures as inaccurate or misleading. Defendants lack sufficient information to admit or deny the remaining allegations.

74. Defendants submit that the Act speaks for itself. The remaining allegations are denied.

75. Defendants deny any characterization that the Act requires Plaintiffs to share false, misleading, or irrelevant information with patients.

76. Defendants admit that "[a] key purpose of informed consent is to provide a patient considering a course of medical treatment with clear, medically accurate information so that she can make a considered decision whether to proceed with the treatment." Defendants admit that "[p]atients rely on their medical providers to present them with truthful, relevant facts in a clear manner to facilitate thoughtful decision-making." Defendants deny the disclosures are "scientifically unsupported statements" or that "the informed consent process in this manner would adversely affect Plaintiff's patients." Defendants deny all remaining allegations.

9

77. Tennessee's law speaks for itself. Defendants deny all remaining allegations.

78. Denied.

## VI. IRREPARABLE HARM AND INJUNCTIVE RELIEF

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED ARE HEREBY DENIED.

## CLAIMS FOR RELIEF

### COUNT I
### (First Amendment – Compelled Speech)

84. Defendants reallege and incorporate by reference the answers contained in paragraphs 1 through 83 and the general denial.

85. Denied.

86. Denied.

### COUNT II
### (Substantive Due Process – Untruthful, Misleading, and Irrelevant Disclosures)

87. Defendants reallege and incorporate by reference the answers contained in paragraphs 1 through 83 and the general denial.

88. Denied.

### COUNT III
### (Equal Protection – Plaintiffs)

89. Defendants reallege and incorporate by reference the answers contained in paragraphs 1 through 83 and the general denial.

90. Denied.

## COUNT IV
### (Equal Protection – Plaintiffs' Patients)

91. Defendants reallege and incorporate by reference the answers contained in paragraphs 1 through 83 and the general denial.

92. Denied.

## REQUEST FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief prayed for in paragraph nos. A-D of their Prayer for Relief.

### Affirmative and Other Defenses

1. Plaintiffs lack standing to assert their claims in Counts II and IV.

2. Attorney General Slatery is not a proper party.

3. No act, omission, or law, policy, practice, or custom of Defendants has deprived Plaintiffs of rights secured under the United States Constitution.

4. Defendants are entitled to, and seek herein to recover their attorneys' fees and expenses incurred in this action as provided for by 42 U.S.C. § 1988.

5. The Court lacks subject matter jurisdiction to adjudicate these claims.

6. Defendants reserve their right to amend this Answer as provided by the Federal Rules of Civil Procedure in order to assert additional affirmative or other defenses or averments which might become relevant as facts are discussed.

    Respectfully submitted,

    HERBERT H. SLATERY III
    Attorney General and Reporter

    /s/Alexander S. Rieger
    ALEXANDER S. RIEGER

Assistant Attorney General
Public Interest Division
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 741-2408
BPR No. 029362
Alex.rieger@ag.tn.gov

/s/Charlotte Davis
CHARLOTTE DAVIS
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
(615) 532-2500
BPR No. 034204
Charlotte.davis@ag.tn.gov

/s/ Edwin Alan Groves, Jr.
EDWIN ALAN GROVES, JR.
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
(615) 741-2850
BPR No. 036813
Alan.groves@ag.tn.gov

# CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2020, a copy of the foregoing Answer was filed electronically and sent to the below individuals via email. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Thomas H. Castelli
Stella Yarbrough
American Civil Liberties Union
Foundation of Tennessee
P.O. Box 12160
Nashville, TN 37212
Tel: (615) 320-7142
tcastelli@aclu-tn.org

Michelle Moriarty
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
Tel: (917) 637-3600
Fax: (917) 637-3666
mmoriarty@reprorights.org

Marc Hearron
Center for Reproductive Rights
1634 Eye St., N.W. Suite 600
Washington, D.C., 20006
Tel:  (202) 524-5539
mhearron@reprorights.org

Christine Clarke
Jennifer Sandman
Planned Parenthood Federation of America
123 William St., 9th Floor
New York, NY 10038
Tel: (212) 261-4405
Tel: (212) 262-4749
Fax: (212) 247-6811
Christine.clarke@ppfa.org
Jennifer.sandman@ppfa.org

Andrew Beck
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2633

13

Case 3:20-cv-00740   Document 35   Filed 09/30/20   Page 13 of 14 PageID #: 848

# CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2020, a copy of the foregoing Answer was filed electronically and sent to the below individuals via email. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Thomas H. Castelli
Stella Yarbrough
American Civil Liberties Union
Foundation of Tennessee
P.O. Box 12160
Nashville, TN 37212
Tel: (615) 320-7142
tcastelli@aclu-tn.org

Michelle Moriarty
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
Tel: (917) 637-3600
Fax: (917) 637-3666
mmoriarty@reprorights.org

Marc Hearron
Center for Reproductive Rights
1634 Eye St., N.W. Suite 600
Washington, D.C., 20006
Tel:  (202) 524-5539
mhearron@reprorights.org

Christine Clarke
Jennifer Sandman
Planned Parenthood Federation of America
123 William St., 9th Floor
New York, NY 10038
Tel: (212) 261-4405
Tel: (212) 262-4749
Fax: (212) 247-6811
Christine.clarke@ppfa.org
Jennifer.sandman@ppfa.org

Andrew Beck
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2633

abeck@aclu.org

                                                 /s/Alexander S. Rieger
                                                 ALEXANDER S. RIEGER