# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD OF TENNESSEE AND NORTH MISSISSIPPI; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Herbert H. SLATERY III, Attorney General of Tennessee, in his official capacity; *et al.*, <br><br> Defendants. | CASE NO. 3:20-cv-00740 <br><br> JUDGE CAMPBELL <br><br> MAGISTRATE JUDGE NEWBERN |

## JOINT MOTION TO STAY LITIGATION PENDING THE SUPREME COURT'S DECISION IN *DOBBS V. JACKSON WOMEN'S HEALTH ORGANIZATION*

The Parties respectfully jointly move this court to issue an order staying all proceedings in this matter until the Supreme Court issues a decision in *Dobbs v. Jackson Women's Health Organization*, No. 19-1392 (U.S.), which was recently argued on December 1, 2021. As discussed further below, staying proceedings will serve the interest of judicial economy and conserve the parties' resources.

This case concerns Tennessee Code § 39-15-218 (the "Act"), which requires that patients seeking medication abortion be informed that "[i]t may be possible to reverse the intended effects of a chemical abortion utilizing mifepristone if the woman changes her mind, but that time is of the essence." Tenn. Code Ann. § 39-15-218(e). Plaintiffs challenged the Act as a violation of their patients' substantive due process rights, *see Roe v. Wade*, 410 U.S. 113 (1973); *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833 (1992), as well as their and their patients' First

Amendment and equal protection rights. On February 26, 2021, this Court preliminarily enjoined the Act.

In *Jackson Women's Health*, the Supreme Court accepted for review the question of whether "all pre-viability prohibitions on elective abortions are unconstitutional."[1] In its merits briefs, the State of Mississippi argued that the Supreme Court should overturn *Roe* and *Casey* or, in the alternative, that the Court should adopt a lower level of scrutiny for evaluating abortion restrictions.[2] The state of Tennessee joined an amicus brief calling upon the Supreme Court to overrule *Roe* and *Casey* in *Jackson Women's Health*.[3]

Oral argument was held in *Jackson Women's Health* on December 1, 2021, during which several justices indicated that they are considering whether to overrule *Roe*, and a decision is expected by the end of June 2022.[4] The Court's ruling in *Jackson Women's Health* thus may or may not implicate how this Court should evaluate Plaintiffs' claims. And were the Supreme Court to accept Mississippi and Tennessee's invitation to overrule *Roe* entirely, Tennessee's "trigger law," Tenn. Code Ann. § 39-15-213, which purports to ban abortion in all cases except medical emergency if *Roe* is overruled by the Supreme Court, could also affect this Court's consideration of the instant case.

---

[1] Pet. for Writ of Certiorari at i, *Dobbs v. Jackson Women's Health Org.*, No. 19-1392, 2020 WL 3317135 (U.S. June 15, 2020); *Dobbs v. Jackson Women's Health Org.*, 141 S. Ct. 2619 (Mem.) (2021).
[2] Br. for Pet'rs, *Jackson Women's Health*, No. 19-1392, 2021 WL 3145936 (U.S. July 22, 2021); Reply Br. for Pet'rs, *Jackson Women's Health*, No 19-1392, 2021 WL 4845765 (U.S. Oct. 13, 2021).
[3] Amicus Brief for the States of Texas et al., *Jackson Women's Health*, No. 19-1392, 2021 WL 3374343 (U.S. July 29, 2021).
[4] Robert Barnes, *Supreme Court Seems Inclined to Uphold Mississippi Abortion Law That Would Undermine Roe v. Wade*, The Wash. Post (Dec. 1, 2021), https://www.washingtonpost.com/politics/courts_law/mississippi-abortion-case-supreme-court/2021/12/01/367004a6-52b4-11ec-9267-17ae3bde2f26_story.html.

In light of *Jackson Women's Health*, courts across the country have stayed proceedings or held appeals in abeyance in cases challenging abortion laws while the Supreme Court considers *Jackson Women's Health*. *See e.g.*, Order, *Hopkins v. Jegley*, No. 21-1068 (8th Cir. May 26, 2021) (holding appeal in abeyance in case challenging laws restricting method of abortion, requiring that physicians obtain medical records of patients' entire pregnancy, impeding minors' access to abortion, and regulating embryonic and fetal tissue disposal); Order, *Raidoo v. Camacho,* No. 21-16559 (9th Cir. Oct. 1, 2021) (staying briefing in case challenging law restricting abortion by telemedicine); Order, *Little Rock Fam. Plan. Servs. v. Jegley*, No. 21-2857 (8th Cir. Sept. 14, 2021) (holding appeal in abeyance in case challenging ban on abortion at any gestational age); Order, *Sistersong Women of Color Reprod. Just. Collective v. Kemp*, No. 20-13024 (11th Cir. Sept. 27, 2021) (sua sponte staying appeal in case challenging ban on abortion after approximately six weeks in pregnancy); Order, *Planned Parenthood of the Great Nw. & Haw. Islands v. Wasden*, No. 1:18-cv-00555-BLW (D. Idaho Nov. 9, 2021), ECF No. 162 (staying litigation in case challenging law barring advance practice clinicians from providing abortion).

Here, too, the Court's decision in *Jackson Women's Health* may or may not affect this case. Therefore, in the interest of judicial economy and to conserve the parties' resources, so that this Court and the parties can have the benefit of the Court's decision in *Jackson Women's Health*, the Parties request that all proceedings and deadlines in this case be stayed until 60 days after the Supreme Court issues its mandate in *Jackson Women's Health*.

Dated: January 28, 2022.    Respectfully submitted,

By:  */s/ Stella Yarbrough*
Stella Yarbrough (No. 33637)
Thomas H. Castelli (No. 24849)
American Civil Liberties Union

Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
Tel: (615) 320-7142
tcastelli@aclu-tn.org

*Attorneys for Plaintiffs*

Jennifer Sandman*
Hana Bajramovic*
Planned Parenthood Federation of America
123 William St., 9th Floor
New York, NY 10038
Tel: (212) 261-4749
Tel: (212) 261-4405
Fax: (212) 247-6811
jennifer.sandman@ppfa.org
hana.bajramovic@ppfa.org

*Attorneys for Plaintiffs Planned Parenthood of Tennessee and North Mississippi and Audrey Lance, M.D., M.S.*

Andrew Beck*
Rebecca Chan*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2633
abeck@aclu.org

*Attorneys for Plaintiffs Knoxville Center for Reproductive Health and FemHealth USA, Inc.*

Michelle Moriarty*
Center for Reproductive Rights
199 Water St., 22nd Floor
New York, NY 10038
Tel: (917) 637-3695
mmoriarty@reprorights.org

Marc Hearron*
Center for Reproductive Rights
1634 Eye St., N.W., Suite 600
Washington, DC 20006

Tel: (202) 524-5539
mhearron@reprorights.org

*Attorneys for Plaintiff Memphis Center for Reproductive Health*

*Admitted *pro hac vice*

# CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on January 28, 2022, a true and correct copy of the foregoing was served on the Tennessee Attorney General's Office, counsel for all Defendants, via the Court's ECF/CM system.

Alexander S. Rieger
Edwin A. Groves, Jr.
Steven Ashley Hart
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
alex.rieger@ag.tn.gov
alan.groves@ag.tn.gov
steve.hart@ag.tn.gov

                                                                                           */s/Stella Yarbrough*
                                                                                           Stella Yarbrough